IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CA No. 1:23-CV-00583-CCE-LPA

| | |
|---|---|
| JOHN CARSON and RANDALL STARK, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| *Plaintiffs,* | ) ) ) |
| v. | ) ) |
| GKN DRIVELINE NORTH AMERICA, INC., | ) ) ) |
| *Defendant.* | ) ) ) |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE THEIR SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | PROCEDURAL HISTORY | 1 |
| III. | FACTUAL BACKGROUND | 7 |
| IV. | ARGUMENT | 9 |
| | A. Motions to Amend Are Freely Granted. | 9 |
| | B. The Proposed Amendments Satisfy Rule 15. | 10 |
| |     1. Plaintiffs' Proposed Amendment is Neither Prejudicial Nor Submitted in Bad Faith. | 11 |
| |     2. Amending Plaintiffs' Complaint is Not Futile. | 12 |
| V. | CONCLUSION | 13 |

# TABLE OF AUTHORITIES

**Cases**

*Cadwell v. C.I.R.*,
  483 F. App'x 847 (4th Cir. 2012) .................................................................................. 10

*Davis v. Piper Aircraft Corp.*
  615 F.2d 606 (4th Cir. 1980) ......................................................................................... 10

*Equal Rights Ctr. v. Niles Bolton Assocs.*
  602 F.3d 597 (4th Cir. 2010) ......................................................................................... 10

*Foman v. Davis*
  371 U.S. 178 (1962) ................................................................................................ 10, 11

*Island Creek Coal Co. v. Lake Shore, Inc.*,
  832 F.2d 274 (4th Cir. 1987), *rev'd on other grounds*, 884 F.2d 1388 (4th Cir. 1989)... 9

*Johnson v. Oroweat Foods Co.*
  785 F.2d 503 (4th Cir. 1986) .................................................................................. 10, 13

*Laber v. Harvey*,
  438 F.3d 404 (4th Cir. 2006) .................................................................................. 10, 11

*Rachman Bag Co. v. Liberty Mut. Ins. Co.*
  46 F.3d 230 (2d Cir. 1995) ............................................................................................ 10

*Shanks v. Forsyth County Park Auth.*
  869 F. Supp. 1231 (M.D.N.C. 1994) ............................................................................. 13

*Steinburg v. Chesterfield Cnty. Planning Comm'n*
  527 F.3d 377 (4th Cir. 2008) ......................................................................................... 10

*Syngenta Crop Prot. v. United States EPA*
  222 F.R.D. 271 (M.D.N.C. 2004) .................................................................................. 13

**Other Authorities**

6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1484 (3d ed.) .......................................................................................................................... 10

**Rules**

Fed. R. Civ. P. 12 ................................................................................................................ 12

Fed. R. Civ. P. 15............................................................................................1, 9, 10, 11

Local Rule 15.1............................................................................................................1

## I. PRELIMINARY STATEMENT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, and Rule 15.1 of the Local Rules, Named Plaintiffs John Carson and Randall Stark ("Plaintiffs") respectfully request that the Court grant leave to allow them to file their Second Amended Complaint ("SAC").[1] The proposed SAC simply adds Opt-In Plaintiff David Medley to join John Carson and Randall Stark as a Named Plaintiff in this matter. Plaintiffs request this change, in light of newly-acquired information obtained during the most recent discovery period, to better ensure that the proposed sub-collectives and subclasses are adequately represented, and to progress toward the meritorious resolution of all issues involved in this matter.

As shown below, the proposed amendment is made without undue delay, and granting leave to file the SAC in no way prejudices Defendant, because (1) Defendant has taken the deposition of proposed Named Plaintiff Medley without issue, and (2) no trial date has been scheduled in this matter. Plaintiffs' proposed amendment is also neither futile nor submitted in bad faith. Accordingly, no good cause is available to overcome the presumption under Rule 15(a) in favor of granting leave to amend.

## II. PROCEDURAL HISTORY

In *Mebane v. GKN Driveline North America, Inc.*, CA 1:18-CV-892, the predecessor to the instant action, Named Plaintiffs Mebane and Worsham filed their

---

[1] A copy of the proposed SAC is attached hereto as Ex. A, and a copy of the redlined version of the proposed SAC is attached hereto as Ex. B.

Collective and Class Action Complaint, on behalf of themselves and others similarly situated (collectively "Named, Opt-In, and Putative Plaintiffs") against Defendant GKN Driveline North America, Inc. ("Defendant") on October 23, 2018, asserting violations of the FLSA and NCWHA. *Mebane*, Dkt. 1. Following, the Plaintiffs filed a motion for conditional certification under the FLSA and class certification under the NCWHA on October 29, 2019. *Mebane*, Dkt. 64. The Court (Biggs, J.) granted conditional certification of the FLSA collective and certified an additional subclass under Rule 23 on November 5, 2020. *Mebane*, Dkt. 82. The Named Plaintiffs in the instant action subsequently joined Mebane as Opt-In Plaintiffs by filing their consent-to-sue forms on February 2 and 22, 2021, respectively. *Mebane*, Dkt. 92-3, at 20, Dkt. 95-1, at 20.

The Mebane Plaintiffs asserted an additional class claim in a Fourth Amended Complaint on March 15, 2022, (*Mebane*, Dkt. 146), which the Court certified on August 2, 2022 (*Mebane*, Dkt. 154). Defendant moved for reconsideration on August 16, 2022 (*Mebane*, Dkt. 156), which the Court granted in part on November 16, 2022, requesting Plaintiffs submit a revised definition for the newly certified class (*Mebane*, Dkt. 179). In compliance, the Mebane Plaintiffs submitted a revised proposed definition on November 21, 2022. *Mebane*, Dkt. 183.

Despite nearly three years of maintaining class certification and the addition of a subclass, the Court decertified both the FLSA collective and Rule 23 class on May 12, 2023, granting Defendant's Motion for Decertification. *Mebane*, Dkt. 198. The Mebane Plaintiffs petitioned the Fourth Circuit for interlocutory permission to appeal and moved

2

to stay the litigation (*Mebane*, Dkts. 201, 202), but their request was premature (*Mebane*, Dkt. 205).

Following the Fourth Circuit's decision denying the Mebane Plaintiffs' petition for interlocutory appeal, Opt-In Plaintiffs from the *Mebane* matter were advised of the decertification ruling.[2] In light of their interest to continue pursuing their unpaid wage claims, Opt-In Plaintiffs from each of the different plant locations stepped up to become Named Plaintiffs in three new actions on behalf of putative Plaintiffs and Rule 23 class members from Defendant's three North Carolina manufacturing plants, located in Mebane, Sanford, and Roxboro. *Ayers*, 1:23-CV-581; *Carson*, 1:23-CV-583; *Ferges*, 1:23-CV-585.[3]

Accordingly, on July 14, 2023, Plaintiff Carson filed his Collective and Class Action Complaint, on behalf of himself and others similarly situated (collectively "Named, Opt-In, and Putative Plaintiffs"), against Defendant GKN Driveline North America, Inc. *See* Dkt. 1. Alongside his Complaint, Plaintiff filed a Motion for Equitable Tolling. Dkt. 5. Plaintiff's action was brought pursuant to the FLSA for minimum and overtime wages due, and pursuant to the NCWHA for unpaid owed and promised wages. Dkt. 1, ¶¶ 68-98. Plaintiff is also seeking liquidated damages, reasonable attorneys' fees and costs, pre- and post-judgment interest, and all other legal and equitable relief that the Court deems just and

---

[2] The *Mebane* matter is currently on appeal with the Fourth Circuit Court of Appeals with regards to the decertification issue. *See Mebane v. GKN Driveline N.A., Inc.*, No. 25-2191, Dkt. 77 (4th Cir. Nov. 24, 2025).

[3] The pleadings and motions in all three cases do not meaningfully differ aside from the different plant locations.

proper. *Id.* at 21-22. Plaintiff subsequently amended his Complaint, on October 12, 2023, to name an additional Named Plaintiff, Randall Stark, and revise the proposed class and collective definitions in light of newly discovered information. *See* Dkt. 30.

After the Plaintiffs filed their First Amended Complaint, the Parties participated in a Rule 26(f) and Local Rule 16.1(b) conference and conferred regarding a proposed discovery plan, on October 16 and 17, 2023, to set deadlines for motions for conditional and/or class certification. *See* October 23, 2023, Text Order. The Parties subsequently encountered a host of discovery disputes, including a Motion to Strike Plaintiffs' Class and Collective Claims, resulting in a number of extended deadlines.[4] While the Parties had completed discovery, as to Defendant's obligation to produce time and payroll records for a sampling of seventy-five (75) individuals, the Court stayed discovery on August 13, 2024. Dkt. 63.

On August 18 and 19, 2024, Plaintiffs Carson and Stark filed their Motions for Conditional/Class Certification. Dkts. 65-68. On August 20, 2024, Defendant filed an Emergency Motion to Stay Briefing on Plaintiffs' Motions for Collective/Class Certification, based on its pending Motion to Strike. Dkt. 69. On September 6, 2024, or, one business day before Defendant's Response to Plaintiffs' Motions for Conditional/Class Certification was due, Defendant filed an Emergency Motion to Extend Deadline to Respond to Plaintiffs' Motions for Collective/Class Certification. Dkt. 71. And, though

---

[4] *See* Dkts. 42, 44, 45, 48, 51, 53, 55, 57; April 11, 2024, Text Order; May 7, 2024, Text Order; June 25, 2024, First Text Order; June 25, 2024, Second Text Order.

Defendant's responsive brief was due September 9, 2024, as set by Local Rule 7.3(f), Defendant did not file any such brief. Plaintiffs thus filed a Motion to Grant as Uncontested Plaintiffs' Motions for Collective/Class Certification on September 13, 2024. Dkt. 77.

On October 21, 2024, Plaintiffs filed their Motion for Equitable Tolling on Behalf of the Putative Class, seeking to toll the statute of limitations for Opt-In Plaintiffs and putative class members from October 23, 2018, the date on which the original *Mebane* Complaint was filed.[5] Dkt. 80.

On May 21, 2025, the Court advised the Parties that all three subsequent matters were reassigned to U.S. Chief District Court Judge Catherine C. Eagles. *See* May 21, 2025, First Text Order. That same day, Judge Eagles issued a text order permitting the Parties to file one document including any suggestions of subsequently decided authority related to any pending motion. *See* May 21, 2025, Second Text Order. Both Parties filed briefs on June 4 and 5, 2025, respectively. Dkt. 92, Dkt. 95.

On June 20, 2025, the Court issued an Order denying Defendant's Motion to Strike Plaintiffs' Class and Collective Claims. Dkt. 98. Following, the Court issued an Order denying Defendant's Objections to the June 24, 2024 Text Order, ordering Defendant to respond to class-wide discovery. Dkt. 99.

On September 30, 2025, the Court denied Plaintiffs' Motion to Grant as

---

[5] On November 5, 2024, the Parties convened for a court-hosted settlement conference with Magistrate Judge Patrick Auld, and reached a resolution as to Plaintiffs Mebane and Worsham's individual claims, preserving Plaintiffs' right to appeal the Court's *Mebane* decertification order. *Mebane*, Dkt. 198. The Parties filed a Joint Motion for Approval on November 21, 2024. *Mebane*, Dkt. 228.

5

Uncontested Plaintiffs' Motions for Collective/Class Certification as well as Defendant's Emergency Motion to Stay Briefing and Extend Deadlines. *Ayers*, 1:23-CV-581, Dkt. 113.

On October 23, 2025, the Court denied the Plaintiffs' Motion for Conditional/Class Certification as to the pre-2020 proposed sub-collectives and subclasses and held in abeyance Plaintiffs' Motion for Conditional/Class Certification as to the post-2020 claims. *Ayers*, Dkt. 116. Further, the Court granted equitable tolling of NCWHA claims for the putative collective members' post-2020 FLSA collective claims from July 14, 2023. *Id*. And finally, the Court ordered the Parties to complete all discovery needed to address class and collective certification on the remaining claims by December 20, 2025, effectively modifying the existing scheduling order by allowing Plaintiffs to file amended motions, briefs, and evidence by January 12, 2026. *Ayers*, Dkt. 116. The Plaintiffs filed an Emergency Motion to Stay pending Plaintiffs' Fourth Circuit appeal in *Mebane* (*Ayers*, Dkt. 118), but their request was denied (*Ayers*, Dkt. 129).

In response to the Court's October 23, 2025 Order, Defendant served written discovery requests and notices of deposition on November 17, 2025. *Ayers*, Dkts. 130-3, Dkt. 130-9, at 14-19. Unfortunately, due to the Thanksgiving holiday and despite best efforts, four (4) Opt-In Plaintiffs were simply unreachable. *Ayers*, Dkt. 130-8. After a telephonic hearing with the Court, Magistrate Judge Auld entered a Text Order permitting Defendant to select four (4) replacement Opt-In Plaintiffs.[6] *See* December 10, 2025, Text

---

[6] Defendant was able to depose eight (8) out of ten (10) opt-in Plaintiffs selected for deposition.

6

Order. Accordingly, the Parties completed all supplementary discovery by the Court's deadline, December 20, 2025.

### III. FACTUAL BACKGROUND

Defendant employs machinists, line inspectors, and similar positions on its manufacturing floors to produce its products.[7] During the relevant time period, Defendant operated three regional facilities in North Carolina, in Mebane, Sanford, and Roxboro.[8] Named, Opt-In, and Putative Plaintiffs in the instant action consist of individuals who have worked for Defendant at its Sanford location as non-exempt employees paid an hourly wage, and were subject to Defendant's policy and practice of requiring employees to work off-the-clock to engage in compensable pre- and post-shift activities as well as during lunch.[9]

Defendant promises to pay its Employees for all hours worked and nominally prohibits off-the-clock work.[10] However, beginning in early 2020, Defendant initiated a policy regarding time records, meal and rest breaks,[11] and a revised attendance policy[12] that virtually requires off-the-clock work. Despite a policy that GKN promises to pay for all hours worked, the revised post-2020 policies fail to ensure Employees receive

---

[7] Dkt. 30, Plaintiffs' First Amended Complaint, ¶ 37.
[8] Dkt. 30, ¶ 11.
[9] Dkt. 66, Plaintiffs' Memorandum of Law in Support of Their Motion to Conditionally Certify Class as a Collective, at 2; Dkt. 68, Plaintiffs' Memorandum of Law in Support of Their Motion to Certify Class as a Class Action, at 2.
[10] Dkt. 66-11, Defendant's Attendance Policy, at 3.
[11] Dkt. 66-12, Defendant's Time, Meal, and Rest Policy.
[12] Dkt. 66-11.

compensation for all *actual* hours worked, including required pre- and post-shift donning and doffing activities, along with required walking, waiting, and handwashing due to hazardous chemicals that Employees must handle as part of their principal activities.

Defendant requires Employees to be at their workstation ready to work at the start of their shift.[13] Employees who were not ready would be disciplined.[14] Accordingly, despite Defendant's written policies, Employees would regularly arrive at the Sanford plant anywhere from ten to thirty minutes before the start of their shift to perform pre-shift activities, including: attending pre-shift meetings, communicating with the outgoing shift, and donning required personal protective equipment consistent with Defendant's written policies.[15]

Similarly, Employees are regularly required to work beyond their scheduled shift time in order to complete their tasks for the day, such as cleaning, thoroughly handwashing, and facilitating shift transitions.[16]

Though Defendant promises its hourly Employees an uninterrupted meal break,[17]

---

[13] Dkt. 66, at 5; Dkt. 66-11, at 3; Ex. C, Deposition of David Medley ("Medley Depo."), at 95:06-10 ("The only policy that I know of was that you had to be ready to work prior to the start of your shift. Q: Who told you about that policy? A: Everybody I ever worked with."); Ex. D, Deposition of Steven Fike ("Fike Depo."), at 73:06-22.

[14] Dkt. 66-11, at 3-4; Ex. C, Medley Depo., at 85:25-86:12 (describing Defendant's lateness policy which issued disciplinary points for clocking in late, which, if accumulated, resulted in termination); Ex. D, Fike Depo., at 119:12-17 (same).

[15] Dkt. 66, at 4; Ex. C, Medley Depo., at 94:17-23 (describing 20 minutes of required pre-shift activities), 96:01-107:07 (same); Ex. D, Fike Depo., at 67:01-72:23 (describing 25-30 minutes of required pre-shift activities).

[16] Ex. C, Medley Depo., at 139:18-142:13 (describing 20 minutes of required post-shift activities); Ex. D, Fike Depo., at 82:20-84:23 (describing 15-20 minutes of required post-shift activities).

[17] Dkt. 66-8, Defendant's Employee Handbook, at 18; Dkt. 66-11, at 3-4.

Employees regularly lost approximately ten to fifteen minutes of their meal break to travel from their workstation to the break rooms to remove PPE and to wash oil, grease, and hazardous chemicals from their hands and body before beginning their meal, and to be sure they clocked back in precisely within thirty minutes, as required by Defendant.[18]

## IV. ARGUMENT

### A. Motions to Amend Are Freely Granted.

Plaintiffs' Motion should be granted, as Rule 15 of the Federal Rules of Civil Procedure embodies a liberal amendment policy under which courts have broad discretion to permit amendments.[19] *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). While the trial court is given discretion to deny amendment, that discretion is considered with the general policy in the Federal Rules favoring amendment and resolution of cases on their merits. *See Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987), *rev'd on other grounds*, 884 F.2d 1388 (4th Cir. 1989). The Supreme Court has provided that leave should be granted, unless the party opposing the amendment shows that it is the product of "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[18] Ex. C, Medley Depo., at 159:06-162:11 (losing approximately 5-7 minutes from his meal break daily), 164:11-16; Ex. D, Fike Depo., at 77:08-79:03 (losing approximately 2-10 minutes of his meal break daily), 79:05-81:18 (losing between 5-30 minutes of his meal break 2-3 times per week due to being called back to work early).

[19] Ordinarily, Plaintiffs would be forced to contend with Federal Rule 16(b), requiring a good cause showing to amend their complaint after the scheduling order's deadline has passed. Fed. R. Civ. P. 16(b)(4). However, the Court's October 23, 2025 Order effectively modified the existing scheduling order by permitting Plaintiffs, through engaging in additional discovery, to file amended motions, briefs, and evidence no later than January 12, 2026. *Ayers*, Dkt. 116, at 17. Accordingly, Rule 16(b) is inapplicable and Plaintiff need not make such a showing.

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Steinburg v. Chesterfield Cnty. Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008); *Cadwell v. C.I.R.*, 483 F. App'x 847, 853 (4th Cir. 2012) (interpreting Rule 15(a) to provide that leave to amend a pleading should be denied only "when the amendment would be prejudicial to the opposing party, there moving party has acted in bad faith, or the amendment would have been futile"). "Delay alone . . . is an insufficient reason to deny [a] motion to amend." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006); *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (holding that delay alone is not sufficient reason to deny leave to amend, and delay must be accompanied by prejudice, bad faith, or futility to be sufficient grounds for denial); *Davis v. Piper Aircraft Corp.,* 615 F.2d 606, 613 (4th Cir. 1980) (same); *see generally Rachman Bag Co. v. Liberty Mut. Ins. Co.,* 46 F.3d 230, 235 (2d Cir. 1995) ("The Supreme Court has emphasized that amendments should normally be permitted, and has stated that refusal to grant leave without justification is inconsistent with the spirit of the Federal Rules.") (quoting *Foman*, 371 U.S. at 182).

Accordingly, "[i]f no prejudice is found, then leave normally will be granted." 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1484 (3d ed.).

    **B.**    **The Proposed Amendments Satisfy Rule 15.**

In this case, Plaintiffs' proposed amendment, adding Opt-In Plaintiff David Medley as a Named Plaintiff should be granted. With respect to the addition of the Named Plaintiff, Plaintiffs' decision to amend the Complaint was prompted due to facts discovered during the most recent re-opened discovery period, to protect putative Plaintiffs and potential class members' interests. Opt-In Plaintiff David Medley appears well suited to adequately represent the collective and class allegations in this matter.

The impact this amendment would have to the underlying matter is minimal. First, Mr. Medley has already filed a Consent to Sue form with the Court, and is already currently an Opt-In Plaintiff. *See* Dkt. 22-3. Second, Mr. Medley was subject to the same illegal pay practices as Plaintiffs Carson and Stark, especially as it relates to the post-2020 claims, which relate to off-the-clock pre- and post-shift donning and doffing, and working lunch breaks due to required work activities. Indeed, almost all of the facts and allegations in the current Complaint remain the same in Plaintiffs' proposed SAC, because of the striking similarities between the individual plaintiffs. *See generally* Ex. B, Redlined Proposed SAC. Third, Defendant took Opt-In Plaintiff Medley's deposition, and no trial date has been scheduled thus far. Fourth, no new causes of action are presented. Ultimately, and consistent with the Rule 15 legal standard provided above, the Court should grant Plaintiffs leave to file the proposed SAC, because Defendant cannot show that the proposed amendment is prejudicial, submitted in bad faith, or futile. *See Foman*, 371 U.S. at 182; *Laber*, 438 F.3d at 426.

    1.    <u>Plaintiffs' Proposed Amendment is Neither Prejudicial Nor</u>

Submitted in Bad Faith.

Plaintiffs' proposed amendment to their Complaint is in no way prejudicial to Defendant, nor is it being submitted in bad faith. Indeed, there are no arguments to be made related to prejudice, particularly since Plaintiffs' proposed amendment does not join new parties nor add new claims to the action. *See* Ex. A, Proposed SAC. Instead, Mr. Medley, the proposed additional Named Plaintiff, has followed the FLSA's contemplated opt-in mechanism by filing a Consent to Sue form with this Court on August 18, 2023. *See* Dkt. 22-3. In fact, Defendant has been on notice of Mr. Medley's FLSA and NCWHA claims since February 22, 2021, when Mr. Medley first filed a consent to join the *Mebane* matter (*Mebane*, Dkt. 95-4, at 6), thereafter executing a declaration in the instant action in support of the Plaintiffs' Motion for Conditional Certification on July 8, 2024 (Dkt. 66-20).

Similarly, the Defendant would experience no prejudice if this amendment is permitted, since Mr. Medley's claims arise from the same conduct and facts alleged in the original and First Amended Complaints, and adding him as Named Plaintiff, does not, in any fashion, complicate the claims being litigated. *See* Ex. B.

Plaintiffs' proposed amendment is not being advanced in bad faith, since Plaintiffs are merely proffering this amendment in light of newly-acquired information as to Plaintiffs' adequacy in representing putative collective/class members' interests.

2. Amending Plaintiffs' Complaint is Not Futile.

The amendment offered by Plaintiffs cannot be considered futile. "An amendment would be futile if the amended claim would fail to survive a motion to dismiss for failure

to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) . . . . However, leave to amend should only be denied based on futility when the proposed amendment is clearly insufficient or frivolous on its face." *Syngenta Crop Prot. v. United States EPA*, 222 F.R.D. 271, 278 (M.D.N.C. 2004) (citing *Johnson*, 785 F.2d at 510, and *Shanks v. Forsyth County Park Auth.*, 869 F. Supp. 1231, 1238 (M.D.N.C. 1994)).

Here, Plaintiffs' proposed amendment is not futile, since it is neither insufficient nor frivolous, and would survive a motion to dismiss, as it does not impact Plaintiffs' FLSA and NCWHA claims against Defendant in any way. The amendment simply expands who the named plaintiffs, and putative representatives of the class/collective action, will be in this matter, in an effort to better advance the merits of this action, as provided above. *See supra.* Instead, expanding the named plaintiffs in this action is merely designed to ensure that named, opt-in, and putative Plaintiffs and potential class members' interests are protected and adequately represented.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their Motion to for Leave to File their SAC.

Respectfully submitted this December 23, 2025.

> */s/ Gilda Adriana Hernandez*
> Gilda A. Hernandez (NCSB No. 36812)
> Matthew S. Marlowe (NCSB No. 60035)
> Briahna B. Koegel (NCSB No. 62491)
> Laura Fisher (NCSB No. 62357)
> S. Byron Frazelle (NCSB No. 59771)
> **THE LAW OFFICES OF GILDA A.**

13

**HERNANDEZ, PLLC**
215 S. Academy St.
Cary, NC 27511
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com
bkoegel@gildahernandezlaw.com
lfisher@gildahernandezlaw.com
sbfrazelle@gildahernandezlaw.com

*Attorney for Plaintiffs*

14

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2025, the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE THEIR SECOND AMENDED COMPLAINT** was served in accordance with the Federal Rules of Civil Procedure on the following:

Paul DeCamp (Special Admission)
**EPSTEIN, BECKER & GREEN, P.C.**
1227 25th St., N.W., Suite 700
Washington, D.C. 20037
Tel: (202) 861-1819
Fax: (202) 296-2882
pdecamp@ebglaw.com

Adriana S. Kosovych (Special Admission)
Christopher Coyne (Special Admission)
Eduardo J. Quiroga (Special Admission)
Alexandria K. Adkins (Special Admission)
Christopher Dyess (Special Admission)
**EPSTEIN, BECKER & GREEN, P.C.**
875 Third Avenue
New York, NY 10022
Tel: (212) 351-4500
Fax: (212) 878-8600
akosovych@ebglaw.com
ccoyne@ebglaw.com
equiroga@ebglaw.com
aadkins@ebglaw.com
cdyess@ebglaw.com

Kevin S. Joyner
Vanessa N. Garrido
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
8529 Six Forks Road, Suite 600
Raleigh, North Carolina 27615
Tel: (919) 787-9700
Fax: (919) 783-9412

Kevin.joyner@ogletree.com
Vanessa.garrido@ogletree.com

*Attorneys for Defendant*

/s/ *Gilda Adriana Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Matthew S. Marlowe (NCSB No. 60035)
Briahna B. Koegel (NCSB No. 62491)
Laura Fisher (NCSB No. 62357)
S. Byron Frazelle (NCSB No. 59771)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
215 S. Academy St.
Cary, NC 27511
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com
bkoegel@gildahernandezlaw.com
lfisher@gildahernandezlaw.com
sbfrazelle@gildahernandezlaw.com

*Attorneys for Plaintiffs*